UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYAN COOK<br>　　Plaintiff<br><br>v.<br><br>MICHAEL LUISI D/B/A BOP, INC.<br>D/B/A ROUTE 69 AUTO SALE &<br>SERVICE, AND INDUSTRIAL<br>ACCEPTANCE COMPANY LIMITED<br>PARTNERSHIP<br>　　Defendants | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br>DECEMBER 10, 2014 |

## COMPLAINT

### Introduction

1.  This is an action brought by a consumer regarding the purchase and sale of a motor vehicle pursuant to a retail installment sales contract.  Plaintiff brings this action to recover actual damages, statutory damages, reasonable attorney's fees and costs from Defendant Michael Luisi d/b/a BOP, Inc. d/b/a Route 69 Auto Sale & Service ("BOP") and Industrial Acceptance Company Limited Partnership ("IAC").  The Plaintiff claims that BOP violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. § 36a-770 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*  Plaintiff also claims that BOP breached the implied warranty of merchantability.  Plaintiff asserts claims against the defendant IAC as holder of the Contract.

2. Plaintiff Ryan Cook ("Cook") is a natural person residing in Waterbury, Connecticut.

3. BOP operates a motor vehicle dealership in Prospect, Connecticut.

4. BOP is not registered with the Connecticut Secretary of State's Office but has a Trade Name Certificate registered with the Town Clerk of Prospect as Michael Luisi d/b/a Route 69 Auto Sale and Service.

5. IAC is a Connecticut limited partnership with corporate offices in New Haven, Connecticut that engages in, among other things, accepting assignment of retail installment sales contracts.

6. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e).

7. This Court has jurisdiction over BOP because it is located in Connecticut and regularly conducts business in this state.

8. This Court has jurisdiction over IAC because it is organized under the laws of the state of Connecticut and regularly conducts business in this state.

9. Venue in this Court is proper, because Plaintiff resides in Connecticut and the transaction alleged herein occurred in this state.

10. In or around April, 2014, Plaintiff visited BOP's website and saw a 2004 Saturn VUE (the "Vehicle") advertised for sale for $4,995.00.

11. On or around April 18, 2014, Plaintiff visited BOP for the purpose of purchasing the Vehicle.

12. Plaintiff agreed to purchase the Vehicle and paid a cash down payment of $2,000 to BOP.

13. Plaintiff also traded in a 1996 Jeep Cherokee and was given a gross trade-in allowance of $500.00.

14. BOP prepared a Retail Installment Contract ("Contract") and a Retail Purchase Order listing the cash price of the Vehicle as $5,788.00.

15. Plaintiff asked BOP about the advertised price and BOP told him that the advertised price is the cash price.

16. BOP told Plaintiff that the reason he was charged more for the Vehicle than the advertised price was because he financed the transaction.

17. BOP told Plaintiff that he could not purchase the Vehicle for the advertised price of $4,995 because that price was only for cash price.

18. Because Plaintiff paid more for the Vehicle than he would have been charged in a cash transaction, the increased price should have been disclosed as a finance charge on the retail installment contract, in violation of the Truth in Lending Act.

19. BOP included a $299 charge for "VSI" as part of the amount financed rather than included as part of the finance charge.

20. BOP did not make the necessary disclosures that would otherwise permit single interest insurance to be excluded from the finance charge under TILA.

21. BOP's violation of TILA by not including the VSI charge as part of the finance charge was apparent on the face of the contract and IAC is therefore subject to the TILA claim.

22. Plaintiff is entitled to recover $2,000 plus attorney's fees under the Truth in Lending Act.

23. BOP's TILA violations are also violations of the Connecticut Retail Installment Sales Finance Act, which incorporates the requirements of TILA.

24. For willful violations of TILA, Plaintiff is entitled to an order that no finance charges are recoverable under the contract pursuant to Conn. Gen. Stat. § 36a-786.

25. BOP's refusal to sell the Vehicle for the advertised price was an unfair trade practice, and Plaintiff is entitled to the difference between the $5,788 sales price and the $4,995 advertised price plus the additional sales tax and interest on the increased amount. Following the purchase, Plaintiff learned that BOP had included a charge of $795 for GAP insurance which was not requested or desired by the Plaintiff.

26. The Contract also included a charge of $795 for "GAP", which provides that in the event that the Vehicle is declared a total loss, the Plaintiff would not be responsible for the balance under the Contract beyond the insurance pay-off.

27. The GAP addendum was neither requested nor desired by Plaintiff.

28. BOP's actions constitute unfair and deceptive acts in violation of CUTPA.

29. Immediately after accepting delivery of the Vehicle, Plaintiff began to experience mechanical defects, including vibration at highway speeds, the vehicle drifting to the right, vehicle shaking in turns, transmission shifting hard, abnormal engine noise, brakes squealing, noisy muffler, loud sound coming from trunk area, electrical issues, an inoperable remote and a compact disc player that would not eject discs from the player.

30. Despite having the opportunity to repair the Vehicle, BOP failed to make repairs in accordance with the written warranty.

31. The Vehicle's defects render the Vehicle unsafe to drive and significantly impair the value of the Vehicle to Plaintiff.

32. The Vehicle was sold with a warranty that the Vehicle would be mechanically operational and sound for a period of 30 days or 1,500 miles.

33. BOP's 30 day or 1,500 mile guaranty constituted an express warranty under Conn. Gen. Stat. § 42a-2-313, which warranty has been breached.

34. BOP has also breached the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314, because the Vehicle would not pass in trade without objection, is not fit for the purposes that motor vehicles are ordinarily used, or both.

35. The Vehicle's defects substantially impair the value of the Vehicle to Plaintiff.

36. For BOP's breaches of warranty, Plaintiff is entitled to his damages.

37. IAC, as the assignee of the Contract, is liable for the claims against BOP for having breached the implied warranty of merchantability and for its violations of CUTPA. It is also liable under TILA for the claims apparent on the face of the agreement.

**Wherefore, Plaintiff claims** actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d).

PLAINTIFF, RYAN COOK

By: /s/ *Daniel S. Blinn*
  Daniel S. Blinn (ct02188)
  dblinn@consumerlawgroup.com
  Consumer Law Group, LLC
  35 Cold Spring Rd. Suite 512
  Rocky Hill, CT  06067
  Tel. (860) 571-0408
  Fax (860) 571-7457